# Commonwealth of Pennsylvania *v.* Pine Creek Railway Company, Appellant.

*Taxation—Corporation—Tax on capital stock—Debt.*

In ascertaining the value of the capital stock of a corporation for the purposes of state taxation under the act of June 8, 1891, the indebtedness of the company cannot be deducted from the value of the property and assets otherwise ascertained, but it may be considered as one of the relevant facts bearing upon the value of the stock.

Argued June 1, 1897.   Reargued Feb. 23, 1898.   Appeal, No. 21, May T., 1897, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1896, No. 668, on appeal from tax settlement.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed. MITCHELL, GREEN and WILLIAMS, JJ., dissent.

Appeal from tax settlement.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was the judgment of the court.

*M. E. Olmsted,* for appellant.

*Henry C. McCormick,* attorney general, with him *John P. Elkin,* deputy attorney general, for appellee.

OPINION BY MR. JUSTICE DEAN, October 17, 1898:

Appellant's capital stock consists of 20,000 shares of the par value of $50.00 per share, aggregating $1,000,000.   Its road is operated under a lease by the Fall Brook Railway Company, by which the lessees pay annually to the lessor thirty per cent of the gross receipts; this, in the tax year returned, was $257,000. The lessor company's funded debt is $3,500,000, bearing an annual interest of $210,000.   There have been frequent deficits, so that the floating debt at the date of the return in 1895 was $431,000.   The corporate officers in their return appraised the capital stock at $5.00 per share, making an aggregate valuation of $100,000.   The commonwealth's officers raised this to

$5,878,456. The principal reasons for this change, as given in the settlement, are that by the report the net earnings for the year were $352,717.36, or an average of $4,700 per mile; that the gross earnings were $906,261.70, an average of about $12,000 per mile; showing that, without regard to the indebtedness, the earning capacity demonstrates the value of the franchise, assets and privileges, which represent the actual value of the capital stock to be much greater than that fixed by the company's officers. On appeal by defendant to the court of common pleas the valuation of the commonwealth was reduced to $2,500,000, and judgment entered at the rate of five mills on the dollar on that amount, with commissions. We now have this appeal by the railroad company, assigning the same errors, supported by the same argument and authorities as in case of Common wealth v. New York, Penna. & Ohio R. R. Co., in which opinion has been this day handed down, ante, p. 169. For the same reasons as in that case given, the assignments of error in this case are overruled, and the judgment is affirmed.